DAVERSA v. WILLIAM H. DAVIDOW'S SONS CO., Inc.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—SUFFICIENCY OF
   SERVICES—SATISFACTION OF EMPLOYER.
      Under a contract of employment as designer of women's clothing,
   services to be to the entire satisfaction of the employer, the employé may
   be discharged at any time, as the employer is the sole judge.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–
   36;  Dec. Dig. § 30.*]

Appeal from City Court of New York, Trial Term.

Action by Domenico Daversa against the William H. Davidow's
Sons Company, Incorporated.   From a judgment for plaintiff, defend-
ant appeals.   Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and
SHEARN, JJ.

Leonard H. Davidow, of New York City, for appellant.

Maurice J. Katz, of New York City (Charles Weishaupt, of New
York City, of counsel), for respondent.

GUY, J.   This action was brought to recover for the alleged breach
of a written contract whereby plaintiff was employed by defendant as
a designer of women's clothing at $50 a week for the term of one year,
plaintiff agreeing—

"to devote all his time and attention to their business and to create up-to-date
styles to the entire satisfaction of the said Wm. H. Davidow Sons Company."

Plaintiff testified that one day, after he had entered into defendant's
employment under said written contract, he had a conversation with the
president of the defendant company, in which he stated that he had
been told the contract was no good and that he wanted a contract for
a year, and that defendant's president then agreed to an oral modifica-
tion of the contract so as to make it a hiring for one year.   Plaintiff
then continued working for defendant for three weeks, when defend-
ant's president discharged him, stating that he was not satisfied with his
work.   Plaintiff, in his cross-examination, admitted that defendant
manufactured a better grade of goods than he had theretofore de-
signed.

At the close of plaintiff's case, defendant moved to dismiss the com-
plaint, which motion was denied, and an exception taken.   The motion
was renewed at the close of the entire case, and a motion was also
made for the direction of a verdict, which motions were then denied,
and no exception taken to such ruling.   The denial of defendant's mo-
tion to dismiss at the close of plaintiff's case, as well as at the close of
the entire case, was error.

The evidence, as introduced by plaintiff, of an oral modification of
the written contract, did not alter the provision of the contract that the
services rendered thereunder were to be to the satisfaction of the de-
fendant.   The services to be performed by plaintiff under the contract,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

both as originally executed and as orally modified, involved the exercise of taste and skill as an expert designer, and the provision that the services rendered should be "to the entire satisfaction" of the employer constituted the employer the sole judge thereof. See Crawford v. Mail & Express Publishing Co., 163 N. Y. 404–408, 57 N. E. 616; Diamond v. Mendelsohn, 156 App. Div. 636, 642, 643, 141 N. Y. Supp. 775; Ginsberg v. Friedman, 146 App. Div. 779, 781, 131 N. Y. Supp. 517; Brown v. Retsof Min. Co., 127 App. Div. 368, 371–373, 111 N. Y. Supp. 594; Fuller v. Downing, 120 App. Div. 39, 42, 104 N. Y. Supp. 991.

The cases distinguishing between honest dissatisfaction and mere subterfuge have no applicability to the facts of this case, there being no evidence upon which a jury could properly find want of good faith on the part of the defendant.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.